972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re VIDEO PROCESSING TECHNOLOGY, Petitioner.
 Misc. No. 339.
 United States Court of Appeals, Federal Circuit.
 May 18, 1992.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, CLEVENGER, Circuit Judge.
 PETITION FOR WRIT OF MANDAMUS
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Video Processing Technology (VidPro) petitions for a writ of mandamus* directing the United States District Court for the Northern District of California to vacate its November 14, 1991 order, reconsideration denied on February 5, 1992, transferring VidPro's case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). FOR-A Corporation of America (FOR-A America) opposes.
 
 
 2
 This matter stems from VidPro's patent infringement suit against FOR-A America and FOR-A Company Ltd. of Japan (FOR-A Japan) in VidPro's home district in California. FOR-A America moved to transfer the action to Massachusetts pursuant to 28 U.S.C. § 1404(a). Shortly thereafter, FOR-A Japan moved to dismiss for lack of personal jurisdiction and for improper service of process. That motion has not been decided. The California district court granted the motion to transfer on November 14, 1991. On February 2, 1992, reconsideration was denied:
 
 
 3
 This is a patent infringement action in which VidPro sues FOR-A America and its Japanese parent corporation, FOR-A Company Limited, for allegedly infringing six different patents in the field of video signal processing technology.
 
 
 4
 VidPro is a California corporation with its only place of business in San Jose. For-A America is headquartered in Natick, Massachusetts. FOR-A America has no offices in the Northern District of California and no employees reside in this district.
 
 DISCUSSION
 
 5
 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." A defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843. It is appropriate to balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. Id.
 
 
 6
 In deciding to transfer this case to the District of Massachusetts, this Court considered, inter alia, the (1) convenience of parties and witnesses, (2) access to other sources of proof, (3) the location of the events at issue. After considering these factors, and especially the convenience to witnesses, this Court concluded that the defendant had met its burden of demonstrating that the inconvenience to litigating in the Northern District of California outweighed plaintiff's choice of forum. This court finds no reason to depart from its original ruling.
 
 
 7
 Accordingly, VidPro's motion for reconsideration is DENIED.
 
 
 8
 IT IS SO ORDERED.
 
 
 9
 VidPro argues that the transfer constituted a serious error of law and a gross abuse of discretion because (1) it may not be possible to obtain personal jurisdiction over FOR-A Japan in Massachusetts, (2) appeals should not be transferred where plaintiff brings a suit in its own district and at least some of the infringing sales were in that district, (3) some of VidPro's witnesses may not be available for a Massachusetts trial, and (4) VidPro may lose its counsel of choice if the case is transferred.
 
 
 10
 In response, FOR-A America states that VidPro did not raise the personal jurisdiction argument in the district court, and in any event, personal jurisdiction would probably be challenged in both California and Massachusetts. FOR-A also argues that only 2 1/2% of its sales are in northern California and challenges VidPro's statements about availability of VidPro's witnesses. FOR-A America argues instead that the availability of FOR-A America's witnesses supports the transfer to Massachusetts. Finally, FOR-A America argues that it does not intend to move to disqualify VidPro's counsel either in California or Massachusetts.
 
 
 11
 In deciding whether a § 1404(a) transfer is appropriate, a district court should weigh the factors set forth by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The factors include relative ease of access to sources of proof, availability of witnesses, availability of compulsory process for attendance of the unwilling, cost, and other practical factors that make trial of a case easy, expeditious, and inexpensive. A § 1404(a) transfer is within the discretion of the district court. There was extensive briefing by the parties in the district court on the issues involved. The district court weighed the factors and determined to transfer in an exercise of its discretion.
 
 
 12
 Appellate courts have the power to review by mandamus § 1404(a) transfer orders. See, e.g., Sunshine Beauty Supplies v. U.S. Dist. Court, 872 F.2d 310, 311 (9th Cir.1989) (mandamus granted and transfer order vacated where district court failed to give consideration to contractual forum-selection clause). However, in order to prevail, VidPro must show that its right to a writ is clear and indisputable. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). When the matter is committed to the discretion of the district court, then petitioner has a nearly insurmountable task of demonstrating that its right to a writ is clear and indisputable. Allied, 449 U.S. at 36. This is not a case where the district court did not weigh the requisite factors in making its determination. Rather, it did weigh the factors and then determined to transfer. VidPro has not shown that the ruling was a clear abuse of discretion or that its right to a writ is clear and indisputable.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 VidPro's petition for writ of mandamus is denied.
 
 
 
 *
 The petition was originally filed in the Ninth Circuit. On April 13, 1992, the Ninth Circuit suggested that VidPro file its petition with this court